E-FILED
Court of Appeals
Suzanne Johnson,
Acting Clerk of Court
12/12/2018 2:23 PM

| | | |
|---|---|---|
| ATTORNEY GRIEVANCE COMMISSION OF MARYLAND<br>200 Harry S. Truman Parkway, Suite 300<br>Annapolis, Maryland 21401 | * | IN THE<br>COURT OF APPEALS<br>OF MARYLAND |
| Petitioner, | * | Misc. Docket AG |
| v. | * | No. 44 |
| GREGORY J. MILTON<br>9701 Apollo Drive, Suite 100<br>Largo, Maryland 20774 | * | September Term, 2018 |
| Respondent. | * | |

## PETITION FOR DISCIPLINARY OR REMEDIAL ACTION

The Attorney Grievance Commission of Maryland, by Lydia E. Lawless, Bar Counsel, and Jennifer L. Thompson, Assistant Bar Counsel, its lawyers, files this Petition for Disciplinary or Remedial Action against Gregory J. Milton, Respondent, and represents to the Court as follows:

1. On November 28, 2018, Bar Counsel received direction from the Attorney Grievance Commission to file this petition pursuant to Maryland Rule 19-720(f).

2. The Respondent, Gregory J. Milton, was admitted to the Maryland Bar on December 13, 2006. The Respondent currently maintains an office for the practice of law in Prince George's County, Maryland.

3. On July 21, 2017, Capital One Bank notified the Attorney Grievance Commission that the Respondent's attorney trust account had been overdrawn.

4. On August 1, 2017, Bar Counsel sent a letter to the Respondent and requested an explanation for the overdraft and, for the period "May 2017 to the present," copies of

his client ledgers, deposit slips, cancelled checks, and monthly bank statements. Bar Counsel requested a response within ten (10) days.

5. On or about August 18, 2017, the Respondent wrote to Bar Counsel and disclaimed any responsibility for the overdraft, citing the cause to be a "series of irregularities" by Capital One Bank, the primary irregularity, and the one that triggered the overdraft notice, being the Bank's erroneous double deposit of a check in the amount of $960.00. With his letter, the Respondent provided copies of his bank statements for the period requested but failed to provide the remainder of the requested documentation.

6. A review of the Respondent's bank statements revealed that, between May 2017 and July 2017, the Respondent made several prohibited cash withdrawals from his attorney trust account.

7. On September 21, 2017, Bar Counsel wrote to the Respondent and again requested copies of his client ledgers, deposit slips, cancelled checks, and an electronic transfer log for the period May 2017 through July 2017. Bar Counsel requested that the materials be provided by October 6, 2017.

8. On October 24, 2017, having not received a response from the Respondent, Bar Counsel wrote him another letter. In the letter, Bar Counsel notified the Respondent that the matter had been docketed for further investigation and requested the records requested in Bar Counsel's prior correspondence within fifteen (15) days.

9. On November 13, 2017, having yet to receive a response from the Respondent or any of the documentation requested, Bar Counsel again wrote to the

Respondent and requested a response to Bar Counsel's two prior letters by November 27, 2017.

10. On November 22, 2017, the Respondent wrote to Bar Counsel and again reiterated that the cause of the overdraft was due to errors by Capital One Bank. The Respondent failed to provide the documentation requested in Bar Counsel's prior correspondence.

11. On November 28, 2017, Bar Counsel issued a subpoena to Capital One Bank for the Respondent's attorney trust account records for the period January 2017 through November 2017.

12. By letter dated December 7, 2017, Bar Counsel requested that the Respondent provide his client matter records, required to be maintained pursuant to Maryland Rule 19-407(a)(3), for the period January 2017 through November 2017 within ten (10) days.

13. On December 30, 2017, having yet to receive a response, Bar Counsel again wrote to the Respondent and requested that he provide his client matter records.

14. On January 8, 2018, having not received any correspondence from the Respondent, Bar Counsel again wrote him a letter and requested that he provide his client matter records by January 19, 2018. The Respondent failed to respond to the request in any manner.

15. On January 9, 2018, the Respondent filed in the Circuit Court for Prince George's County a frivolous "Petition for Prince George's County Circuit Court Case Number and Petition to Quash and Object to Subpoena Issued by Maryland Bar Counsel

Pursuant to Maryland Rules 19-712 and 2-510." The Respondent's Petition was supported by neither fact nor law and was filed for the sole purpose of obstructing Bar Counsel's investigation.

16. On January 24, 2018, the Commission filed an Opposition to the Respondent's Petition and Bar Counsel's Motion to Enforce Subpoena Pursuant to Maryland Rule 19-712(e).

17. By order dated February 26, 2018, the Court denied the Respondent's Petition and granted Bar Counsel's Motion to Enforce the investigative subpoena.

18. On or about March 9, 2018, the Respondent filed in the Prince George's County Circuit Court a second frivolous "Motion and Amended Petition to Quash and Object to Subpoena Issued by Maryland Bar Counsel pursuant to Maryland Rules 19-712 and 2-510." The Respondent's Motion and Amended Petition was supported by neither fact nor law and was filed for the sole purpose of obstructing Bar Counsel's investigation.

19. The Commission filed its Opposition to the Respondent's Motion and Amended Petition on March 23, 2018.

20. On February 6, 2018, Bar Counsel received the subpoenaed documents from Capital One Bank.

21. On March 19, 2018, after having reviewed the Respondent's attorney trust account records received from Capital One Bank, Bar Counsel wrote to the Respondent and requested that he provide additional information and documentation related to his attorney trust account by April 3, 2018.

22. On April 13, 2018, having not received a response from the Respondent, Bar Counsel again wrote him a letter and requested that he provide the materials requested in Bar Counsel's prior correspondence by April 20, 2018. The Respondent failed to respond in any manner.

23. By order dated April 19, 2018, the Court denied the Respondent's Motion and Amended Petition.

24. The Respondent knowingly failed and refused to provide Bar Counsel with the financial information and documentation requested during the course of the disciplinary investigation.

25. Upon information and belief, the Respondent does not maintain client ledgers associated with the receipt, maintenance, and disbursement of client funds.

26. Petitioner represents and charges that the Respondent, by his acts and omissions as described herein, engaged in professional misconduct in violation of the following Maryland Attorneys' Rules of Professional Conduct:

**Rule 19-301.15. Safekeeping Property.**
(a) An attorney shall hold property of clients or third persons that is in an attorney's possession in connection with a representation separate from the attorney's own property. Funds shall be kept in a separate account maintained pursuant to Title 19, Chapter 400 of the Maryland Rules, and records shall be created and maintained in accordance with the Rules in that Chapter. Other property shall be identified specifically as such and appropriately safeguarded, and records of its receipt and distribution shall be created and maintained. Complete records of the account funds and of other property shall be kept by the attorney and shall be preserved for a period of at least five years after the date the record was created.

**19-303.1. Meritorious Claims and Contentions.**
An attorney shall not bring or defend a proceeding, or assert or controvert an issue therein, unless there is a basis for doing so that is not frivolous, which includes, for example, a good faith argument for an extension, modification or reversal of existing law. An attorney may

nevertheless so defend the proceeding as to require that every element of the moving party's case be established.

**Rule 19-308.1. Bar Admission and Disciplinary Matters.**
An applicant for admission or reinstatement to the bar, or an attorney in connection with a bar admission application or in connection with a disciplinary matter, shall not:
(b) fail to disclose a fact necessary to correct a misapprehension known by the person to have arisen in the matter, or knowingly fail to respond to a lawful demand for information from an admissions or disciplinary authority, except that this Rule does not require disclosure of information otherwise protected by Rule 19-301.6 (1.6).

**Rule 19-308.4. Misconduct.**
It is professional misconduct for an attorney to:
(a) violate or attempt to violate the Maryland Attorneys' Rules of Professional Conduct, knowingly assist or induce another to do so, or do so through the acts of another;
(d) engage in conduct that is prejudicial to the administration of justice

**Rule 19-407. Attorney Trust Account Record-Keeping.**
(a) Creation of Records. The following records shall be created and maintained for the receipt and disbursement of funds of clients or of third persons:
(3) *Client Matter Records.* A record for each client matter in which the attorney receives funds in trust, as follows:
(A) for each attorney trust account transaction, a record that shows (i) the date of the deposit or disbursement; (ii) the amount of the deposit or disbursement; (iii) the purpose for which the funds are intended; (iv) for a disbursement, the payee and the check number or other payment identification; and (v) the balance of funds remaining in the account in connection with the matter;

**Rule 19-410. Prohibited Transactions.**
(b) No Cash Disbursements. An instrument drawn on an attorney trust account may not be drawn payable to cash or to bearer, and no cash withdrawal may be made from an automated teller machine or by any other method. All disbursements from an attorney trust account shall be made by check or electronic transfer.

WHEREFORE, Petitioner requests that this Honorable Court:

A. Take such disciplinary action against the Respondent as it deems appropriate;

B. Assess against the Respondent, in the form of a money judgment, the reasonable costs of these proceedings, both arising subsequently to the filing of these charges and necessarily incurred in investigating the same prior to the filing thereof; and

C. Take such other and further action as this Court may deem appropriate under the circumstances.

Dated: December 12, 2018

Respectfully submitted,

/s/ Lydia E. Lawless

Lydia E. Lawless
Bar Counsel
CPF ID No. 0712110441

/s/ Jennifer L. Thompson

Jennifer L. Thompson
Assistant Bar Counsel
Attorney Grievance Commission
of Maryland
200 Harry S. Truman Parkway, Suite 300
Annapolis, MD 21401
(410) 514-7051
jennifer.thompson@agc.maryland.gov
CPF ID No. 1312190234
*Attorneys for Petitioner*