IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Southern Division)

| | |
|---|---|
| ATTORNEY GRIEVANCE COMMISSION OF MARYLAND, | * |
| | * |
| *Petitioner*, | * |
| | * |
| v. | *   No. 8:19-cv-2241 (GJH) |
| GREGORY MILTON, | * |
| | * |
| *Respondent*. | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM IN SUPPORT OF
MOTION TO REMAND**

Defendant Gregory Milton's notice of removal does not attempt to make the necessary showing that this "action could have been brought originally in federal court." *Home Depot U.S.A., Inc. v. Jackson*, 139 S. Ct. 1743, 1748 (2019), *reh'g denied*, (U.S. Aug. 5, 2019). Had Mr. Milton attempted such a showing, he would have failed, because a petition for disciplinary action against a Maryland attorney must be brought in the Court of Appeals of Maryland. Md. Rule 19-721(a)(1). The Court of Appeals has "exclusive jurisdiction over [Maryland] 'attorney disciplinary proceedings.'" *Attorney Grievance Comm'n v. Clevenger*, 459 Md. 481, 491 (2018). And this Court lacks subject-matter jurisdiction over Maryland's discipline of a Maryland attorney. *Attorney Grievance Comm'n of Md. v. Rheinstein*, CV MJG-17-2550, 2017 WL 4167402, at \*3 (D. Md. Sept. 20, 2017) ("the cause of action is created by state law").

Even if this removal were meritorious, it is untimely.  Mr. Milton had 30 days from the day he received a copy of the original pleading—the Petition for Disciplinary or Remedial Action, ECF No. 1-1—to remove to this Court.  28 U.S.C. § 1446(b).  Mr. Milton has already conceded that he received the Petition on March 22, 2019.  Ex. 4 at 1.  Because Mr. Milton filed his notice of removal on August 2, 2019, 133 days after he received the Petition, this removal is more than three months late.  When "removal is . . . untimely, [a timely] motion to remand must be granted."  *Clawson v. FedEx Ground Package Sys., Inc.*, 451 F. Supp. 2d 731, 736 (D. Md. 2006).

28 U.S.C. § 1446(a) requires a "notice of removal signed pursuant to Rule 11."  This removal fails that test.  *See* Fed. R. Civ. P. 11(b).  This case should be remanded back to the Maryland courts.

## BACKGROUND

In July 2017, the Attorney Grievance Commission received notice that Mr. Milton's "attorney trust account had been overdrawn."  Pet., ECF No. 1-1, ¶ 3.[1]  Bar Counsel[2] asked Mr. Milton for an explanation and for documents.  *Id*. ¶ 4.  When Mr. Milton wrote back

---

[1] Allegations in the Petition can be taken as true, because "the presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when sufficient jurisdictional facts are presented on the face of the plaintiff's properly pleaded complaint."  *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).  Even without the well-pleaded complaint rule, this Court should still consider the allegations in the Petition as true, because Mr. Milton defaulted in this case while it was in the Maryland court.

[2] "'Bar Counsel' means the individual appointed by the Commission as the principal executive officer of the disciplinary system affecting attorneys."  Md. Rule 19-402(d).  "Bar Counsel" is used here to collectively identify Bar Counsel and Assistant Bar Counsels acting under Bar Counsel's authority.

and provided bank statements, Bar Counsel noticed that Mr. Milton had made cash withdrawals from his trust account—an act prohibited under Maryland Rule 19-410.  *Id.* ¶¶ 5–6.  Bar Counsel then requested more documents.  *Id.* ¶ 7.

This began a protracted fight over the requested documents.  Bar Counsel sent three letters requesting documents.  *Id.* ¶¶ 7–9.  Mr. Milton responded to the third letter but did not provide documents.  *Id.* ¶ 10.  Then, in November 2017, Bar Counsel issued a subpoena to Capital One Bank for Mr. Milton's attorney trust account records for 2017.  *Id.* ¶ 11.  Bar Counsel then sent three more letters to Mr. Milton asking him for his client matter records.  *Id.* ¶¶ 12– 14.

On January 9, 2018—the day after Bar Counsel sent her third letter—Mr. Milton moved to quash Bar Counsel's subpoena in the Circuit Court for Prince George's County.[3] *Id.* ¶ 15.  The Commission opposed Mr. Milton's motion, and the motion was denied on February 26, 2018.  *Id.* ¶¶ 16– 17.  On March 9, 2018, Mr. Milton tried again to quash the subpoena,[4] and again he failed. *Id.* ¶¶ 18, 19, 23.

In the meantime, documents responsive to the subpoena were produced to Bar Counsel.  *Id.* ¶ 20.  Bar Counsel wrote to Mr. Milton, requesting that Mr. Milton "provide additional information and documentation related to his attorney trust account by April 3."

---

[3] Mr. Milton filed a document entitled "Petition for Prince George's County Circuit Court Case Number and Petition to Quash and Object to Subpoena Issued by Maryland Bar Counsel Pursuant to Rules 19-712 and 2-510."

[4] This time, the document was called "Motion and Amended Petition to Quash and Object to Subpoena Issued by Maryland Bar Counsel pursuant to Maryland Rules 19-712 and 2-510."

*Id*. ¶ 21.  When Mr. Milton missed that deadline, Bar Counsel sent another letter asking Mr. Milton for the requested materials by April 20.  *Id*. ¶ 22.  Mr. Milton did not respond to either letter.  *Id*.

On December 12, 2018, the Commission filed its original pleading, a Petition for Disciplinary or Remedial Action, in the Court of Appeals of Maryland.  *Id*. at 1 (electronic date-stamp).  On December 21, the Court of Appeals transmitted the charges to the Circuit Court for Prince George's County for fact-finding.  *Att'y Grievance Comm'n v. Milton ("Milton COA")*, Misc. No. 44, Sept. Term 2018 (Md. Dec. 21, 2018), ECF No. 1-2.  The Circuit Court issued summons on January 8, 2019.  *Att'y Grievance Comm'n v. Milton ("Milton Cir. Ct.")*, CAE18-51024, Docket No. 002 (Cir. Ct. P.G. Co. filed Dec. 26, 2018), ECF No. 1-7.[5]  The Commission attempted to serve Mr. Milton by personal service and by certified mail, both of which failed.  *Id*., Docket Nos. 003, 005; *see* Service Affidavits attached as Ex. 2.

At that point, the Commission invoked Maryland Rule 19-723, which permits service upon a certain employee of the Client Protection Fund when other service fails. *Milton Cir. Ct.*, Docket No. 004; Ex. 2.  Service on the Fund is effective, because Maryland attorneys are required by rule to keep their address information updated with the Fund. Rule 19-802; *see* Client Protection Fund of the Bar of Maryland, *Attorneys - Frequently Asked Questions*, https://www.courts.state.md.us/cpf/attorneyfaq (last visited Aug. 9,

---

[5] A copy of the Circuit Court docket is attached for the Court's convenience as Ex. 1.  The same information is available from the Maryland Judiciary Case Search website—http://casesearch.courts.state.md.us—case number CAE18-51024.

4

2019) ("What is my obligation for change of address and how do I accomplish this?").  The Fund's Executive Director certified that she mailed the Petition and related documents to Mr. Milton at both of his known addresses.  Ex. 3.

Mr. Milton received the Complaint on March 22, 2019.  Ex. 4 (Resp.'s Mot. to Extend Time to Respond filed in *Milton Cir. Ct*) (Mr. Milton "was served on March 22, 2019 by certified mail, that he retrieved from the Post Office").  Nevertheless, Mr. Milton defaulted.[6]  *Milton Cir. Ct.*, Docket No. 009.  He moved to vacate the default, alleging misconduct by Assistant Bar Counsel and that Mr. Milton was "up to his neck in dealing with demands of his clients' needs."  Ex. 5 at 3.  The Circuit Court denied Mr. Milton's motion to vacate, entered default judgment, and tasked Bar Counsel with preparing proposed findings of fact and conclusions of law.  Mr. Milton moved to set aside the default judgment on the same day Bar Counsel filed proposed findings and conclusions.  *Milton Cir. Ct.*, Docket Nos. 023–025; *see* Ex. 6.  Then, Mr. Milton filed this notice of removal.

## ARGUMENT

I.   **MR. MILTON BEARS THE BURDEN OF PROVING THIS COURT'S JURISDICTION BEYOND DOUBT.**

Removal statutes are strictly construed with all doubts construed against removal, and the federal courts should confine their jurisdiction to the precise limits defined by the statute under consideration.  *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108

---

[6] A respondent attorney must file an answer to a disciplinary Petition within 15 days after service of the Petition or within 15 days after the Fund mails the Petition to the attorney.  Md. Rule 19-724.  Rule 2-613, Maryland's default judgment rule, applies if the attorney fails to timely answer the Petition.

(1941).  The party seeking removal faces two hurdles.  First, "[t]he grounds for removal must be apparent within the four corners of the initial pleading." *Hurley v. Alltite Gaskets*, CIV.A. GLR-12-462, 2012 WL 4764901, at \*2 (D. Md. Oct. 5, 2012), *aff'd sub nom. Hurley v. CBS Corp.*, 648 Fed. Appx. 299, 2016 WL 2609602 (4th Cir. 2016). Second, the party seeking removal must prove relevant jurisdictional facts; "[t]he burden of establishing federal jurisdiction is placed upon the party seeking removal." *Mulcahey v. Columbia Organic Chemicals Co.*, 29 F.3d 148, 151 (4th Cir. 1994) (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92 (1921)).  Removal raises "significant federalism concerns," so "if federal jurisdiction is doubtful, a remand to state court is necessary." *Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 816 (4th Cir. 2004) (quoting *Mulcahey*, 29 F. 3d at 151) (internal marks omitted).

## II.    MR. MILTON'S REMOVAL IS UNTIMELY.

Mr. Milton's Notice of Removal was filed August 2, 2019.  ECF No. 1.  For his removal to be timely, Mr. Milton must have received the Petition for the first time on or after July 3, 2019—30 days before he filed the Notice.  28 U.S.C. § 1446(b)(1).  If, however, Mr. Milton received a copy of the Petition on or before July 2, then his Notice is too late, and the case must be remanded.  *Clawson v. FedEx Ground Package Sys., Inc.*, 451 F. Supp. 2d 731, 736 (D. Md. 2006).

Nothing in Mr. Milton's Notice of Removal identifies the date on which he first received the Petition.  Because he carries the burden of establishing compliance with the removal statute, this failure alone requires a remand.  *Barbour v. Int'l Union*, 640 F.3d 599, 605 (4th Cir. 2011) ("Doubts about the propriety of removal should be resolved in favor of

6

remanding the case to state court."), *abrogated on other grounds*, 28 U.S.C. § 1446(b)(2)(B).

Moreover, documents Mr. Milton omitted from his removal filings show that his removal is too late.  Mr. Milton cannot plead that his removal is timely, because he has already conceded that it is not.  On April 8, 2019, he filed a document in the Circuit Court for Prince George's County entitled "Respondent's Motion to Extend Time to Respond." In this motion, he wrote:

> COMES NOW, the Respondent, Gregory Milton, [who] hereby files this response to the Attorney Grievance Commission's Petition for Disciplinary [or] Remedial Action and respectfully requests . . . additional time to respond to the Petition and [states] that he was served on March 22, 2019 by certified mail, that he retrieved from the Post Office.

Ex. 4 at 1.  This concession is binding.  *Lowery v. Stovall*, 92 F.3d 219, 223 (4th Cir. 1996) ("Judicial estoppel precludes a party from adopting a position that is inconsistent with a stance taken in prior litigation.  The purpose of the doctrine is to prevent a party from playing fast and loose with the courts, and to protect the essential integrity of the judicial process.").

Mr. Milton received the Petition on March 22, 2019, so he received the Petition before July 3, 2019, and more than 30 days before he filed his notice of removal.  This removal is untimely, and the case should be remanded.

## III.   THIS COURT LACKS SUBJECT-MATTER JURISDICTION OVER THIS CASE.

### A.   This Court Lacks Removal Jurisdiction Under 28 U.S.C. § 1441.

As a matter of law, Mr. Milton cannot remove this case, because the Petition could not have been filed originally in this Court.  Section 1441(a) allows the removal only of

"any civil action brought in a State court of which the district courts of the United States have original jurisdiction." To resolve whether the federal courts have original jurisdiction, this Court asks "whether the plaintiff could have filed its operative complaint in federal court." *Home Depot U.S.A., Inc. v. Jackson*, 139 S. Ct. 1743, 1748 (2019), *reh'g denied*, (U.S. Aug. 5, 2019).

The law governing Maryland attorney discipline does not allow Bar Counsel to file the Petition in this Court. "Upon approval or direction of the Commission, Bar Counsel, on behalf of the Commission, shall file a Petition for Disciplinary or Remedial Action *in the Court of Appeals*." Maryland Rule 19-721(a)(1) (emphasis added). The rules governing disciplinary proceedings then proceed on the assumption that the Petition has been filed in the Court of Appeals:

> Upon the filing of a Petition for Disciplinary or Remedial Action, *the Court of Appeals* may enter an order designating (1) a judge of any circuit court to hear the action, and (2) the clerk responsible for maintaining the record. . . . Upon entry of [such] an order . . . the clerk of *the Court of Appeals* shall send two copies to Bar Counsel.

Md. Rule 19-722 (emphasis added). In other words, the Court of Appeals of Maryland is the only forum with original jurisdiction over the discipline of a Maryland attorney under Maryland law. As this Court has already recognized, the Court of Appeals "has original and complete jurisdiction over attorney discipline proceedings in Maryland." *Attorney Grievance Comm'n of Md. v. Rheinstein*, CV MJG-17-2550, 2017 WL 4167402, at *2 (D. Md. Sept. 20, 2017) (quoting *Attorney Grievance Comm'n of Md. v. O'Leary*, 433 Md. 2, 28 (2013)), *aff'd in part, dismissed in part,* 750 Fed. Appx. 225 (4th Cir. 2019). The

Petition could not have been originally filed in this Court, so this Court lacks removal jurisdiction.

Federal law also deprives this Court of original jurisdiction, because this Court lacks subject-matter jurisdiction. The Commission and Mr. Milton are from the same state—Maryland—so there is not diversity of citizenship, and nothing in the Petition suggests that the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a). The Petition also does not "aris[e] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. It arises under the Maryland Attorneys' Rules of Professional Conduct and the rules governing Maryland attorney trust accounts. *See* Pet. at 5–6 (listing Mr. Milton's violations of Maryland Rules); Md. Rules title 19, chs. 300–400. Attorney discipline based on State rules raises a pure question of State law. *Rheinstein*, 2017 WL 4167402, at *3. Because the Petition invokes neither this Court's diversity jurisdiction nor its arising-under jurisdiction, this Court lacks subject-matter jurisdiction over the Petition.

Maryland law and federal law say the same thing: The Petition could not have been filed in this Court. Because the Commission could not file the Petition in this Court, Mr. Milton cannot remove the petition to this Court. 28 U.S.C. § 1441. This Court should remand the case back to the Maryland courts.

### B.   Mr. Milton's Reliance on 42 U.S.C. § 1983 Is Misplaced.

Finally, Mr. Milton appears to argue that he has been deprived of due process of law during his disciplinary proceeding, and he invokes 42 U.S.C. § 1983. Notice, ECF No. 1, at 1, 6. The removal statutes do not allow removal on this basis. *See* 28 U.S.C. § 1441. Section 1983 creates a cause of action for vindicating federal rights, not an independent

basis for removal.  *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 283 (2002) ("a cause of action brought under § 1983.").   At best, Mr. Milton has attempted to raise his due process concerns as an affirmative defense to the Petition, but for more than 30 years it has been "settled law that a case may not be removed to federal court on the basis of a federal defense."  *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987).

The Maryland courts are competent to adjudicate Mr. Milton's claims of selective prosecution and due-process deprivation.  *Maine v. Thiboutot*, 448 U.S. 1, 11 (1980) ("§ 1983 actions may be brought in state courts"); *see Evans v. State*, 396 Md. 256, 320 (2006) (analyzing a selective prosecution claim under *United States v. Armstrong*, 517 U.S. 456 (1996)).  That is where Mr. Milton should litigate, because this Court lacks removal jurisdiction.

## CONCLUSION

This Court should remand this case to the Circuit Court for Prince George's County, Maryland and the Court of Appeals of Maryland.

> Respectfully submitted,
>
> BRIAN FROSH
> Attorney General
>
> /s/ Joseph Dudek_____
> JOSEPH DUDEK (20261)
> Assistant Attorney General
> 200 Saint Paul Street, 20th Floor
> Baltimore, Maryland 21202
> jdudek@oag.state.md.us
> (410) 576-7934
> (410) 576-6393 (facsimile)

August 15, 2019                                    *Attorney for Plaintiff*

## TABLE OF EXHIBITS

**Document**

| | |
|---|---|
| **Exhibit 1** | Maryland Judiciary Case Search Docket Report for *Milton Cir. Ct.*, No. CAE18-51024 (prepared Aug. 6, 2019). |
| **Exhibit 2** | Service Affidavits |
| **Exhibit 3** | Certificate of Compliance with Maryland Rule 19-723(b) |
| **Exhibit 4** | Respondent's Motion to Extend Time to Respond, dated April 8, 2019. |
| **Exhibit 5** | Motion to Vacate Order of Default |
| **Exhibit 6** | Petitioner's Proposed Findings of Fact and Conclusions of Law |