# Exhibit 6

Clerk of the
Circuit Court

| ATTORNEY GRIEVANCE COMMISSION OF MARYLAND | * | IN THE COURT OF APPEALS OF MARYLAND |
|---|---|---|
| Petitioner, | * | |
| | * | Misc. Docket AG No. 44 |
| v. | * | September Term, 2018 |
| GREGORY J. MILTON | * | In the Circuit Court for Prince George's County |
| Respondent. | * | Case No. CAE18-51024 |

## PETITIONER'S PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

The Attorney Grievance Commission of Maryland, Petitioner, by Lydia E. Lawless, Bar Counsel, and Jennifer L. Thompson, Assistant Bar Counsel, its attorneys, submits the following proposed findings of fact and conclusions of law based on the evidence admitted at the hearing:

### Procedural History

On December 12, 2018, the Attorney Grievance Commission of Maryland (hereinafter "Petitioner") filed in the Court of Appeals the instant Petition for Disciplinary or Remedial Action (hereinafter "Petition"). By Order dated December 21, 2018, the Court transmitted the matter to the Circuit Court for Prince George's County pursuant to Maryland Rule 19-722 to be heard and determined by the Honorable Judy L. Woodall. On January 8, 2019, the Clerk of the Circuit Court issued a summons in this matter. Petitioner made reasonable efforts to personally serve the Respondent with process but was unsuccessful. On March 5, 2019, pursuant to Maryland Rule 19-723(b), Petitioner served the Respondent through the Client Protection Fund of the Bar of Maryland. On March 6, 2019, Melissa M. Higdon, the Executive Director of the Client Protection Fund of the Bar of Maryland, sent, by certified and first-class mail, copies of the Petition, summons, and December 21, 2018 transmittal order to the Respondent at the two addresses

maintained in the Fund's records: (1) 9701 Apollo Drive, Suite 100, Largo, MD 20774; and (2) 16700 George Washington Drive, Rockville, MD 20853.

Pursuant to Maryland Rule 19-724(a)(2), the Respondent was required to file an Answer to the Petition within "15 days after a copy of the petition and order was mailed to the attorney by the employee of the Client Protection Fund." The Respondent failed to file an Answer within 15 days. On April 2, 2019, Petitioner filed a Motion for Order of Default in accordance with Maryland Rule 19-724(c). On April 8, 2019, the Respondent filed a Motion to Extend Time to Respond wherein he requested an extension through April 16, 2019 to file an Answer. Petitioner did not oppose the Respondent's request. The Respondent failed to file an Answer to the Petition by April 16, 2019.

On April 25, 2019, this court granted Petitioner's Motion for Order of Default and signed a default order. On April 30, 2019, this court denied the Respondent's Motion to Extend Time to Respond. On May 3, 2019, the Clerk sent notice to the parties that a hearing in this matter was scheduled for July 8, 2019 at 9:00 a.m. On May 9, 2019, the Clerk sent notice to the Respondent that a default order had been entered and that he had thirty (30) days to move to vacate the order. The notice stated that "the motion [to vacate] shall state the reasons for the failure to plead and the legal and factual basis for the defense to the claim." On June 10, 2019, the Respondent filed Respondent's Response and Motion to Dismiss and Appropriate Relief and a Motion to Vacate Order of Default. On June 14, 2019, the Respondent filed an Amended Motion to Vacate Order of Default.

On July 8, 2019, the parties appeared before this court for a hearing. This court heard argument from the parties on the Respondent's Motion to Vacate Order of Default. The Respondent failed to provide any justifiable explanation or excuse for his failure to file a timely

Answer to the Petition as required by the Clerk's notice and Maryland Rule 2-613(d). This court denied the Respondent's Motion to Vacate and then held an evidentiary hearing. The Court received Petitioner's exhibits 1-25 in evidence.

## Standard of Review

The Petitioner has the burden of proving the averments in the Petition by clear and convincing evidence. Maryland Rule 19-727(c). Upon consideration of the exhibits and the averments of the Petition, this court makes the following findings of fact and conclusions of law based on clear and convincing evidence. In doing so, this court recognizes the prior pronouncement of the Court of Appeals that "where an order of default has been entered in a [disciplinary] case and not vacated, the hearing judge may accept the averments in the Petition for Disciplinary or Remedial Action as admitted and is not obligated to conduct a hearing." *Attorney Grievance Commission v. Johnson*, 450 Md. 621, 642, 150 A.3d 338, 350-351 (2016).

## Findings of Fact

The Respondent, Gregory J. Milton, was admitted to the Maryland Bar on December 13, 2006. He maintains an office for the practice of law in Prince George's County, Maryland. On July 21, 2017, Capital One Bank notified Petitioner that the Respondent's attorney trust account had been overdrawn. **Petitioner's Ex. 1**. By letter dated August 1, 2017, Bar Counsel notified the Respondent of the overdraft and advised that "[a]s a result of this notification, it will be necessary to obtain a full explanation from you as well as to examine your escrow accounts for the period May 2017 to the present." **Petitioner's Ex. 2**. In the letter, Bar Counsel requested the Respondent provide copies of his client ledgers, deposit slips, cancelled checks, and monthly bank statements for the period "May 2017 to the present." Bar Counsel requested a response within ten (10) days and reminded the Respondent of his obligation under Maryland Rule 19-308.1 to comply with

3

lawful demands for information from Bar Counsel. **Id.** Bar Counsel sent the letter to the Respondent at 16700 George Washington Drive, Rockville, MD 20853. On August 7, 2017, the Respondent received the letter and signed a return receipt. **Petitioner's Ex. 3**.

On August 18, 2017, the Respondent wrote to Bar Counsel and disclaimed any responsibility for the overdraft. He cited the cause to be a "series of irregularities" by Capital One Bank, the primary irregularity, and the one that triggered the overdraft notice, being the Bank's erroneous double deposit of a check in the amount of $960.00. **Petitioner's Ex. 4**. In the letter, the Respondent stated, "I understand that you also asked for client ledgers, deposit slips and cancelled checks per the Bank's 'Overdraft Letter.' However, given the Bank's additional documentation evidencing the irregularity with their own ledger, and records, that the issue is clearly an irregularity with a Bank Teller, which I clearly cannot control." **Id.** With his letter, the Respondent provided copies of his bank statements for the period requested but failed to provide the remainder of the requested documentation. A review of the Respondent's bank statements revealed that, between May 2017 and July 2017, the Respondent made several prohibited cash withdrawals from his attorney trust account in the following installments:

| Date | Amount |
|---|---|
| May 10, 2017 | $1,000.00 |
| June 19, 2017 | $500.00 |
| July 3, 2017 | $1,000.00 |
| July 26, 2017 | $500.00 |
| July 28, 2017 | $200.00 |
| July 31, 2017 | $350.00 |
| July 31, 2017 | $500.00 |

**Petitioner's Ex. 4 at 8-9, 15, 17, 19.**

On September 21, 2017, Bar Counsel wrote to the Respondent and again requested copies of his client ledgers, deposit slips, cancelled checks, and an electronic transfer log for the period May 2017 through July 2017. Bar Counsel requested that the materials be provided by October 6,

4

2017. **Petitioner's Ex. 5**. Bar Counsel sent the letter to the Respondent at his George Washington Drive address in Rockville, Maryland. The Respondent failed to respond to Bar Counsel's September 21 letter or supply the requested materials.

On October 24, 2017, Bar Counsel wrote to the Respondent again and notified him that the matter had been docketed for further investigation. Bar Counsel requested the Respondent submit the documents previously requested within fifteen (15) days. Bar Counsel sent the letter to the Respondent at his George Washington Drive address in Rockville, Maryland. The Respondent failed to respond to the October 24 letter or supply the requested materials.

On November 13, 2017, Bar Counsel wrote to the Respondent and requested a response to the letters of September 21 and October 24 by November 27, 2017. **Petitioner's Ex. 7**. In the letter, Bar Counsel reminded the Respondent about his obligations under Maryland Rule 19-308.1. Bar Counsel sent the letter to the Respondent at his George Washington Drive address and sent him a copy by email. **Petitioner's Ex. 8**.

On November 22, 2017, the Respondent wrote to Bar Counsel and acknowledged that he had "lost track" of Bar Counsel's earlier correspondence. **Petitioner's Ex. 9**. He reiterated that the overdraft was due to errors on the part of Capital One Bank and asserted that "there is no factual predicate to warrant me to be subjected to yet another [disciplinary] investigation." [sic in original]. The Respondent failed to provide the documentation requested. On December 5, 2017, the Respondent informed Bar Counsel by email that his new office address was 9701 Apollo Drive, Suite 100, Largo, Maryland 20774. **Petitioner's Ex. 11 at 7**.

By letter dated December 7, 2017, Bar Counsel informed the Respondent that due to his refusal to provide the requested trust account records, Bar Counsel intended to issue a subpoena to Capital One Bank. **Petitioner's Ex. 10**. In addition, Bar Counsel advised that the bank

statements previously supplied by the Respondent revealed that he had made prohibited cash withdrawals from his attorney trust account. Bar Counsel requested copies of the Respondent's client ledgers for the period January 2017 through November 2017 within ten (10) days. Bar Counsel sent the letter to the Respondent's new office address in Largo, Maryland. **Id**. The Respondent failed to supply the requested materials. On December 18, 2017, the Respondent accepted service of the investigative subpoena. **Petitioner's Ex. 11 at 3**.

On December 30, 2017, Bar Counsel emailed the Respondent, again advised him of the impermissible cash withdrawals, and reminded him of Bar Counsel's December 7, 2017 request for his client ledgers. The Respondent failed to respond to the email in any manner. **Petitioner's Ex. 11**. On January 8, 2018, Bar Counsel wrote to the Respondent and, for the seventh time, requested that he provide his client ledgers by January 19, 2018. Bar Counsel advised the Respondent that if he did not maintain client ledgers, he should advise Bar Counsel. Bar Counsel sent the letter to the Respondent's office address in Largo, Maryland. The Respondent failed to respond to the letter or provide the requested materials. **Petitioner's Ex. 12**.

On January 9, 2018, the Respondent filed in the Circuit Court for Prince George's County a frivolous "Petition for Prince George's County Circuit Court Case Number and Petition to Quash and Object to Subpoena Issued by Maryland Bar Counsel Pursuant to Maryland Rules 19-712 and 2-510" (hereinafter "Petition to Quash"). **Petitioner's Ex. 13**. In the Petition to Quash, the Respondent disclaimed any professional misconduct and asserted that Bar Counsel lacked a good faith basis to issue the investigative subpoena. The Respondent argued, falsely, that the financial information sought in the investigative subpoena had already been denied to Bar Counsel by a ruling of the Circuit Court for Montgomery County in a prior unrelated disciplinary proceeding. He did not, however, set forth an argument challenging Bar Counsel's legal authority under the

Maryland Rules to issue the investigative subpoena. Likewise, the Respondent omitted from his filing his repeated refusal to cooperate with Bar Counsel or the critical fact that Bar Counsel was investigating the impermissible cash withdrawals from his attorney trust account.

On January 24, 2018, Petitioner filed an Opposition to the Respondent's Petition to Quash and Bar Counsel's Motion to Enforce Subpoena Pursuant to Maryland Rule 19-712(e). In the Opposition, Petitioner argued that in light of the Respondent's refusal to provide the requested information and the direct evidence that the Respondent had made impermissible cash withdrawals from his trust account, the bank subpoena was entirely reasonable and necessary to further Bar Counsel's investigation. **Petitioner's Ex. 15**.

By order dated February 26, 2018, the court denied the Respondent's Petition to Quash and granted Bar Counsel's Motion to Enforce the investigative subpoena. **Petitioner's Ex. 17**. In the Order, the court found the Respondent's argument concerning the earlier ruling of the Circuit Court for Montgomery County "strain[ed] credulity and logic" and held that "there is every possibility the documents and records sought by the Commission's subpoena will produce evidence relevant to the general subject matter of the Commission's investigation in this matter." **Id. at 2, 5**. Citing *Unnamed Attorney v. Attorney Grievance Commission*, 409 Md. 509, 524, 976 A.2d 267, 276 (2009), the court explained that the role of the Attorney Grievance Commission is to "safeguard[] the public and, through Bar Counsel, to conduct investigations into attorney conduct merely on suspicion that the law or Rules of Professional Conduct have been or are being violated, or even just because the Commission wants assurance that they have not been violated." **Id. at 3**.

On or about March 9, 2018, the Respondent filed in the Circuit Court for Prince George's County a second frivolous "Motion and Amended Petition to Quash and Object to Subpoena Issued by Maryland Bar Counsel pursuant to Maryland Rules 19-712 and 2-510" (hereinafter "Amended

Petition to Quash") wherein he advanced some of the same claims that had already been rejected by the court. He argued that Bar Counsel's investigation was based on "pure supposition" and that Bar Counsel failed to explain the specific trust account transactions under investigation. **Petitioner's Ex. 18**. He continued that "going above and beyond to give Bar Counsel a sense of assurance [that no ethics rules had been violated] can be a hardship" for certain attorneys. The Respondent, again, failed to advance any credible argument that Bar Counsel lacked the legal authority to issue the investigative subpoena. The Commission filed its Opposition to the Respondent's Motion and Amended Petition on March 23, 2018. **Petitioner's Ex. 19.**

By Order dated April 19, 2018, the court denied the Respondent's Amended Petition to Quash and found that "Bar Counsel is acting within its mandate ... in pursuing its request for [the Respondent's] attorney trust account documentation" and that Bar Counsel "has not engaged in conjecture or supposition and is carrying out its investigative responsibilities." **Petitioner's Ex. 24 at 1**.

As discussed above, by January 9, 2018, when the Respondent filed the original Petition to Quash, Bar Counsel had made seven (7) requests for the Respondent's client ledgers required to be maintained pursuant to Maryland Rule 19-407(a)(3). This court finds that, for the periods of time for which the ledgers were requested, the Respondent did not create and maintain client ledgers associated with the receipt, maintenance, and disbursement of client funds as required by the Rule. The Respondent's Petition to Quash and the amendment thereto were supported by neither fact nor law and were filed for the sole purpose of obstructing Bar Counsel's investigation into the Respondent's management of his attorney trust account and to conceal his failure to comply with the Maryland Attorneys' Rules of Professional Conduct.

By March 2018, Bar Counsel had received the subpoenaed trust account records from Capital One Bank and had performed a financial analysis of the transactions. On March 19, 2018, Bar Counsel wrote to the Respondent and requested that he provide copies of his client ledgers for the period January 2017 through January 2018 by April 3, 2018. **Petitioner's Ex. 20.** With the letter, Bar Counsel attached a list of trust account transactions and requested the Respondent identify the client matter to which each transaction related. Bar Counsel sent the letter via email and to the Respondent's new office address in Largo, Maryland. **Petitioner's Ex. 20 & 21.** The Respondent failed to respond to the letter or supply the requested materials. On April 13, 2018, Bar Counsel wrote to the Respondent and again requested that he provide the materials requested in the prior correspondence. Bar Counsel again reminded the Respondent of his obligation under Maryland Rule 19-308.1 to respond to Bar Counsel. **Petitioner's Ex. 22.** Bar Counsel sent the letter via email and to the Respondent's office address in Largo, Maryland. **Petitioner's Ex. 22 & 23.** The Respondent failed to respond to the letter or otherwise supply the requested materials.

This court finds that the Respondent knowingly failed and refused to provide Bar Counsel with the financial information and documentation repeatedly requested during the course of the disciplinary investigation and intentionally obstructed Bar Counsel's ability to investigate the Respondent's management of his attorney trust account.

### Conclusions of Law

This Court finds, by clear and convincing evidence, that the Respondent violated the following Maryland Rules and Rules of the Maryland Attorneys' Rules of Professional Conduct. Additional factual findings are set forth in this section as necessary to explain the Court's conclusions.

### Rule 19-301.15. Safekeeping Property (1.15).

Rule 19-301.15 provides, in part:

> (a) An attorney shall hold property of clients or third persons that is in an attorney's possession in connection with a representation separate from the attorney's own property. Funds shall be kept in a separate account maintained pursuant to Title 19, Chapter 400 of the Maryland Rules, and records shall be created and maintained in accordance with the Rules in that Chapter. Other property shall be identified specifically as such and appropriately safeguarded, and records of its receipt and distribution shall be created and maintained. Complete records of the account funds and of other property shall be kept by the attorney and shall be preserved for a period of at least five years after the date the record was created.

The Respondent's failure to create and maintain client matter records that reflect the receipt, maintenance, and disbursement of client funds in association with his attorney trust account violated Rule 19-301.15(a).

### Rule 19-303.1. Meritorious Claims and Contentions (3.1).

Rule 19-303.1 provides:

> An attorney shall not bring or defend a proceeding, or assert or controvert an issue therein, unless there is a basis for doing so that is not frivolous, which includes, for example, a good faith argument for an extension, modification or reversal of existing law. An attorney may nevertheless so defend the proceeding as to require that every element of the moving party's case be established.

Pursuant to Maryland Rule 19-703(b), Bar Counsel is charged with investigating "professional misconduct or incapacity on the part of an attorney," which includes the issuance of investigative subpoenas. See 19-703(b)(2). Pursuant to Maryland Rule 19-712(a)(1), upon authorization of the Chair of the Attorney Grievance Commission, Bar Counsel may issue an investigative subpoena to "compel the attendance of witnesses and the production of designated documents or other tangible things at a time and place specified in the subpoena if the Chair finds that (A) the subpoena is necessary to and in furtherance of an investigation being conducted by Bar Counsel."

The Respondent knowingly and repeatedly failed to provide Bar Counsel with the financial information and documentation sought during the investigation into the trust account overdraft. By letter dated December 7, 2017, Bar Counsel advised the Respondent that "[i]n light of your refusal to provide Bar Counsel with your attorney trust account records, we intend to issue a subpoena to Capital One Bank." **Petitioner's Ex. 10**. In addition, Bar Counsel made the Respondent aware of the investigation into the impermissible cash withdrawals.

Ignoring that his refusal to cooperate with Bar Counsel was the direct cause of Bar Counsel's decision to issue the investigative subpoena, and despite the fact that Bar Counsel was authorized by the Maryland Rules to issue an investigative subpoena for bank records, on January 9, 2018, the Respondent filed a Petition to Quash the subpoena in the Circuit Court for Prince George's County seeking to quash Bar Counsel's investigative subpoena. In the Petition to Quash, the Respondent omitted any mention of the true reasons for the issuance of the subpoena. Instead, the Respondent put forth the unsupported argument that because Capital One Bank erroneously reported an overdraft of the Respondent's trust account, Bar Counsel issued the subpoena without a "good faith basis." The Petition to Quash was not supported by fact or law and was frivolous. The evidence supports the conclusion that the Respondent's sole motivation in filing the Petition to Quash was to impede Bar Counsel's investigation into the Respondent's attorney trust account. The Respondent's conduct violated Rule 19-303.1. *See* Comment [2] to Rule 19-303.1 ("[t]he action is frivolous, however, if the attorney is unable [] to make a good faith argument on the merits of the action taken"); *Attorney Grievance Commission v. Phillips*, 451 Md. 653, 672, 155 A.3d 476, 487 (2017) (attorney violated Rule 3.1 when he filed a frivolous motion to quash Bar Counsel's investigative subpoena).

On February 26, 2018, the Circuit Court for Prince George's County rejected the Respondent's arguments and denied the Petition to Quash. The court determined that Bar Counsel's investigative subpoena was reasonable in the circumstances and that there was "every possibility the documents and records sought by the Commission's subpoena will produce evidence relevant to the general subject of the Commission's investigation." Cognizant that the court rejected his arguments to quash the subpoena, on March 9, 2018, the Respondent nevertheless filed an Amended Petition to Quash Bar Counsel's investigative subpoena advancing similar claims. The Respondent's Amended Petition to Quash failed to assert any credible argument that Bar Counsel lacked the legal authority to issue the investigative subpoena. Akin to the first Petition to Quash, the Respondent's Amended Petition to Quash was frivolous, filed in bad faith, and designed to obstruct Bar Counsel's ability to fully investigate the Respondent's attorney trust account. The Respondent's conduct violated Rule 19-303.1.

**Rule 19-308.1. Bar Admission and Disciplinary Matters (8.1).**

Rule 19-308.1 provides, in part:

> An applicant for admission or reinstatement to the bar, or an attorney in connection with a bar admission application or in connection with a disciplinary matter, shall not:
> ...
> (b) fail to disclose a fact necessary to correct a misapprehension known by the person to have arisen in the matter, or knowingly fail to respond to a lawful demand for information from an admissions or disciplinary authority, except that this Rule does not require disclosure of information otherwise protected by Rule 19-301.6 (1.6).

The Respondent violated Rule 19-308.1(b) by repeatedly failing to respond to Bar Counsel's letters or supply the financial documentation requested. By letter dated August 1, 2017, in response to a trust account overdraft notice received from Capital Once Bank, Bar Counsel wrote the Respondent and requested, among other things, copies of his "client ledgers, deposit slips, cancelled checks (front and back, if available), and monthly bank statements for the period

"May 2017 to the present." While the Respondent provided the requested bank statements, he failed to provide the remainder of the documentation.

On September 21, 2017, Bar Counsel wrote to the Respondent and again requested copies of his "client ledgers, deposit slips, cancelled checks (front & back, if available)" for the period "May 2017 through July 2017." In addition, Bar Counsel requested the Respondent's electronic transfer log for the period requested. The Respondent failed to provide the requested materials or otherwise respond to Bar Counsel's letter.

On October 24, 2017, Bar Counsel wrote the Respondent and requested a response to the September 21, 2017 letter, including the requested financial documentation. The Respondent failed to provide the requested materials or otherwise respond to Bar Counsel's letter. On November 13, 2017, Bar Counsel wrote to the Respondent and requested a response to Bar Counsel's letters of September 21 and October 24. While the Respondent supplied a written response to the letters on November 22, 2017, he failed to supply the requested financial documentation.

By letter dated December 7, 2017, Bar Counsel requested copies of the Respondent's client ledgers required to be maintained pursuant to Maryland Rule 19-407(a)(3) for the period January 2017 through November 2017. The Respondent failed to supply the requested documentation. On December 30, 2017, Bar Counsel emailed the Respondent and asked whether he intended to comply with Bar Counsel's earlier request for his client ledgers. The Respondent failed to respond in any manner.

On January 8, 2018, Bar Counsel wrote to the Respondent and again requested copies of his client ledgers. Bar Counsel informed the Respondent that if he did not maintain client ledgers, he should so advise Bar Counsel. The Respondent failed to respond to the letter or otherwise

provide copies of his client ledgers. Instead, on January 9, 2018, the Respondent filed in the Circuit Court for Prince George's County a Petition to Quash Bar Counsel's investigative subpoena.

On March 19, 2018, after having reviewed the Respondent's attorney trust account records received from Capital One Bank, Bar Counsel wrote to the Respondent and requested that he provide copies of his client ledgers for the period January 2017 through January 2018. With the letter, Bar Counsel attached a list of trust account transactions and requested the Respondent identify the client to which each transaction related. The Respondent failed to respond to the letter or otherwise provide the requested financial materials. On April 13, 2018, Bar Counsel wrote the Respondent and requested a response to Bar Counsel's letter of March 19, 2018. The Respondent failed to respond to the letter or otherwise supply the requested materials.

From August 1, 2017 through April 13, 2018, Bar Counsel made nine (9) separate lawful requests to the Respondent for information and documentation related to his attorney trust account. The Respondent knowingly failed and refused to provide Bar Counsel the materials sought in violation of Maryland Rule 19-308.1(b).

### Rule 19-308.4. Misconduct (8.4).

Rule 19-308.4 provides, in part:

> It is professional misconduct for an attorney to:
> (a) violate or attempt to violate the Maryland Attorneys' Rules of Professional Conduct, knowingly assist or induce another to do so, or do so through the acts of another;
> ...
> (d) engage in conduct that is prejudicial to the administration of justice;

The Respondent's refusal to cooperate with Bar Counsel or comply with Bar Counsel's requests for information and documentation, as detailed above, and the Respondent's filing of two frivolous petitions to quash Bar Counsel's investigative subpoena, is violative of Rule 19-308.4(d). *See Attorney Grievance Commission v. Phillips*, 451 Md. 476, 490, 155 A.3d 476, 676 (2017) (in

refusing to to cooperate with Bar Counsel and in filing a frivolous motion to quash an investigative subpoena, attorney obstructed Bar Counsel's investigation in a manner prejudicial to the administration of justice, and his conduct as a whole brought the legal profession into disrepute, in violation of Rule 8.4(d)); *Attorney Grievance Commission v. Kremer*, 432 Md. 325, 337, 68 A.3d 862, 869 (2013) (attorney violated Rule 8.4(d) by failing to respond to Bar Counsel's requests for information).

Additionally, the Respondent violated Rule 8.4(a) by virtue of his violation of several other Rules of Professional Conduct. *See Attorney Grievance Commission v. Gerace*, 433 Md. 632, 645, 72 A.3d 567, 574-575 (2013) ("Rule 8.4(a) is violated when other Rules of Professional Conduct are breached.").

### Maryland Rule 19-407. Attorney Trust Account Record-Keeping.

Maryland Rule 19-407 provides, in part:

> (a) Creation of Records. The following records shall be created and maintained for the receipt and disbursement of funds of clients or of third persons:
> ...
> (3) *Client Matter Records.* A record for each client matter in which the attorney receives funds in trust, as follows:
> (A) for each attorney trust account transaction, a record that shows (i) the date of the deposit or disbursement; (ii) the amount of the deposit or disbursement; (iii) the purpose for which the funds are intended; (iv) for a disbursement, the payee and the check number or other payment identification; and (v) the balance of funds remaining in the account in connection with the matter;

The Respondent's failure to create and maintain client matter records that reflect the receipt, maintenance, and disbursement of client funds in association with his attorney trust account violates Maryland Rule 19-407(a).

### Maryland Rule 19-410. Prohibited Transactions.

Maryland Rule 19-410 provides, in part:

15

(b) No Cash Disbursements. An instrument drawn on an attorney trust account may not be drawn payable to cash or to bearer, and no cash withdrawal may be made from an automated teller machine or by any other method. All disbursements from an attorney trust account shall be made by check or electronic transfer.

From May 2017 through July 2017, the Respondent made several withdrawals in cash from his attorney trust account in the following installments:

| Date | Amount |
|---|---|
| May 10, 2017 | $1,000.00 |
| June 19, 2017 | $500.00 |
| July 3, 2017 | $1,000.00 |
| July 26, 2017 | $500.00 |
| July 28, 2017 | $200.00 |
| July 31, 2017 | $350.00 |
| July 31, 2017 | $500.00 |

The Respondent's conduct violated Rule 19-410.

### Aggravating Factors

In attorney discipline cases, the Court of Appeals has recognized the following aggravating factors:

(1) prior disciplinary offenses;
(2) a dishonest or selfish motive;
(3) a pattern of misconduct;
(4) multiple offenses;
(5) bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with rules or orders of the disciplinary agency;
(6) submission of false evidence, false statements, or other deceptive practices during the disciplinary process;
(7) refusal to acknowledge the wrongful nature of conduct;
(8) vulnerability of victim;
(9) substantial experience in the practice of law
(10) whether he or she displayed indifference to making restitution.

See *Att'y Griev. Comm'n v. Sperling*, 434 Md. 658, 676-77, 76 A.3d 1172, 1183 (2013) (citing Standard 9.22 of the American Bar Association Standards for Imposing Lawyers Sanctions).

This court finds the existence of several aggravating factors. The Respondent engaged in a pattern of misconduct and committed multiple offenses during the course of Bar Counsel's

16

investigation. Factors (3) & (4). The Respondent acted with a dishonest or selfish motive, engaged in bad faith obstruction of the disciplinary proceeding, and employed deceptive practices during the disciplinary process when he intentionally failed to cooperate with Bar Counsel's requests for information and when he filed two frivolous petitions to quash Bar Counsel's investigative subpoena. Factors (2), (5) & (6).

WHEREFORE, Petitioner prays this Court adopt the findings of fact and conclusions of law set forth herein.

Dated: July 19, 2019                    Respectfully submitted,

*Jennifer Thompson*
Jennifer L. Thompson
Assistant Bar Counsel
Attorney Grievance Commission
of Maryland
200 Harry S. Truman Parkway, Suite 300
Annapolis, Maryland 21401
(410) 514-7051
jennifer.thompson@agc.maryland.gov
CPF ID No. 1312190234
*Attorney for Petitioner*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 19th day of July, 2019, a copy of the foregoing Petitioner's Proposed Findings of Fact and Conclusions of Law was emailed and mailed, postage prepaid, to:

Gregory J. Milton
9701 Apollo Drive, Suite 100
Largo, MD 20774
miltonlawgroup@gmail.com

*Jennifer Thompson*
Jennifer L. Thompson